```
            IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF NEBRASKA

KENNETH CLARK,                 )
                               )
          Plaintiff,           )     4:09CV3259
                               )
     v.                        )
                               )
AKSAMIT, OFFICER, Badge #      )     MEMORANDUM AND ORDER
1361, CITY OF LINCOLN POLICE   )
DEPARTMENT, JAMES, SGT.        )
# 1370,                        )
                               )
          Defendants.          )
_____)
```

Plaintiff filed his complaint in this matter on December 18, 2009 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6). Also pending are a motion to appoint counsel and a motion for status (Filing Nos. 8 and 10). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   *SUMMARY OF COMPLAINT*

Plaintiff filed his complaint against the City of Lincoln Police Department and two individual police officers: Aksamit and James (Filing No. 1 at CM/ECF p. 1). Plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (*Id*. at CM/ECF pp. 1-2.)

Plaintiff alleges that Aksamit broke into his apartment without a warrant. (*Id*. at CM/ECF p. 4.) Two days after this warrantless entry, Aksamit came back to plaintiff's apartment,

arrested him, and then falsely imprisoned him. (*Id.*) Plaintiff seeks monetary damages in the amount of $3,000,000.00 and attorney's fees. (*Id.* at CM/ECF p. 6.)

### II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to

-2-

state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Claims Against James

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Plaintiff names James as a defendant in the caption of his complaint, but does not allege that James committed a specific act within the body of the complaint (Filing No. 1 at

CM/ECF p. 1). Therefore, plaintiff's complaint fails to state a claim against James, and his claims against James will be dismissed.

### B. Plaintiff's Claims Against the Lincoln Police Department

Plaintiff also names the City of Lincoln Police Department as a defendant in this matter. (*Id*.) As a municipal defendant, the City of Lincoln Police Department may only be liable under Section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Lincoln Police Department's employees, or that the City of Lincoln Police Department's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, plaintiff does not

-4-

allege that an unconstitutional custom was the moving force behind his injures. Accordingly, plaintiff has failed to state a claim against the City of Lincoln Police Department, and his complaint will be dismissed.

### C. Plaintiff's Claims Against Aksamit

"The Fourth Amendment prohibits a warrantless entry of a home by law enforcement officers unless the circumstances are within a reasonableness exception to the warrant requirement." *United States v. Clarke*, 564 F.3d 949, 958-59 (8th Cir. 2009). However, the Eighth Circuit has recognized a "reasonableness exception to the warrant requirement which allows a non-consensual, warrantless search of a home if the search is supported by probable cause and exigent circumstances." *Id.* at 959; *see also United States v. Hogan*, 539 F.3d 916, 922 (8th Cir. 2008). When examining if a search is reasonable, courts consider "all the circumstances of the particular governmental invasion of a citizen's personal security." *Terry v. Ohio*, 392 U.S. 1, 19 (1968).

Plaintiff alleges that Aksamit broke into his apartment without a warrant (Filing No. 1 at CM/ECF p. 4). However, plaintiff does not allege that Aksamit lacked probable cause or exigent circumstances to do so. In short, plaintiff has not alleged sufficient facts for the Court to draw the reasonable

inference that Askamit is liable for a Fourth Amendment violation.

However, the Court will grant plaintiff thirty (30) days to amend his complaint to sufficiently allege a Fourth Amendment claim against Aksamit. Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If plaintiff fails to file an amended complaint in accordance with this memorandum and order, plaintiff's Fourth Amendment claims against Aksamit will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### IV. MOTION TO APPOINT COUNSEL

Also pending is plaintiff's motion to appoint counsel (Filing No. 8). The Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent

-6-

here.  Plaintiff's request for the appointment of counsel will be denied without prejudice.

IT IS ORDERED:

1. Plaintiff's claims against defendant James and the City of Lincoln Police Department are dismissed without prejudice.

2. Plaintiff's motion to appoint counsel (Filing No. 8) is denied.

3. Plaintiff's motion for status (Filing No. 10) is denied as moot.

4. Plaintiff shall have until **April 5, 2010,** to amend his complaint and clearly state a claim upon which relief may be granted against defendant Aksamsit in accordance with this memorandum and order.  If plaintiff fails to file an amended complaint, plaintiff's claims against the defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted.

5. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

6. The clerk of the court is directed to set a pro se case management deadline in this case using the following text:

Check for amended complaint on **April 5, 2010,** and dismiss if none filed.

       7. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

      DATED this 3rd day of March, 2010.

                     BY THE COURT:

                     /s/ Lyle E. Strom
                     _____
                     LYLE E. STROM, Senior Judge
                     United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.