IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3259 |
| | ) | |
| v. | ) | |
| | ) | |
| AKSAMIT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| KENNETH W. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3045 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

These matters are before the Court on its own motion.
For the reasons discussed below, Case Nos. 4:09CV3259 and
4:10CV3045 will be consolidated

## I.   *BACKGROUND*

Plaintiff filed his original complaint in Case No.
4:09CV3259 on December 18, 2009, against the City of Lincoln
Police Department and two individual police officers: Aksamit and
James (Case No. 4:09CV3259, Filing No. 1).  On March 9, 2010,
plaintiff filed an amended complaint against only Aksamit (Case
No. 4:09CV3259, Filing No. 12).  In this amended complaint,
plaintiff alleges that Aksamit and another "unknown officer"

broke into his apartment without probable cause or exigent circumstances in March 2008. (*Id*. at CM/ECF pp. 1-2.)

On March 9, 2010, plaintiff also filed a new case, Case No. 4:10CV3045, against Officer James. In Case No. 4:10CV3045, plaintiff alleges that James and "another officer" broke into his apartment without probable cause or exigent circumstances in March 2008 (Case No. 4:10CV3045, Filing No. 1 at CM/ECF pp. 1-2).

## II. ANALYSIS

Consolidation of separate actions is governed by Fed.R.Civ.P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A court may consolidate cases in the interest of expedition and economy. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). However, under Fed.R.Civ.P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The Court has carefully examined the record in Case Nos. 4:09CV3259 and 4:10CV3045, including the complaints. The amended complaint in Case No. 4:09CV3259 and plaintiff's complaint in Case No. 4:10CV3045 allege claims against two officers that broke into plaintiff's house without probable cause or exigent circumstances in March 2008. (*Compare* Case No. 4:09CV3259, Filing No. 12 *with* Case No. 4:10CV3045, Filing No. 1.) Because Case Nos. 4:09CV3259 and 4:10CV3045 involve common questions of law and fact, the Court will consolidate them in the interest of expedition and economy.

No later than April 21, 2010, plaintiff shall file an amended complaint in Case No. 4:09CV3259. The amended complaint shall contain all of plaintiff's claims, including those presented in Case No. 4:10CV3045. Any claims not contained in the amended complaint will be deemed abandoned. In the event that plaintiff files an amended complaint in accordance with this Memorandum and Order, Case No. 4:10CV3045 will be dismissed.

IT IS ORDERED:

1.   No later than April 21, 2010, plaintiff shall file an amended complaint in Case No. 4:09CV3259. The amended complaint shall contain all of plaintiff's claims, including those presented in Case No. 4:10CV3045. Any claims not contained in the amended complaint will be deemed abandoned. All further pleadings shall be filed in Case No. 4:09CV3259.

-3-

2.   In the event that plaintiff files an amended complaint in accordance with this Memorandum and Order, Case No. 4:10CV3045 will be dismissed.

3.   The clerk of the court is directed to set a pro se case management deadline in this case with the following text: April 21, 2010:  deadline for plaintiff to file amended complaint.

DATED this 2nd day of April, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-4-