IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3259 |
| | ) | |
| v. | ) | |
| | ) | |
| AKSAMIT, | ) | |
| | ) | |
| Defendant. | ) | |
| KENNETH W. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3045 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

These cases are before the Court on its own motion. For the reasons discussed below, both cases will be dismissed.

## I. BACKGROUND

On April 2, 2010, the Court issued a memorandum and order directing plaintiff to file an amended complaint in Case No. 4:09CV3259 by April 21, 2010 (Case No. 4:09CV3259, Filing No. 14.) In doing so, the Court stated:

> The amended complaint in Case No.
> 4:09CV3259 and Plaintiff's
> Complaint in Case No. 4:10CV3045
> allege claims against two officers
> that broke into plaintiff's house
> without probable cause or exigent
> circumstances in March 2008.
> (*Compare* Case No. 4:09CV3259,
> Filing No. 12 *with* Case No.
> 4:10CV3045 Filing No. 1.) Because

> Case Nos. 4:09CV3259 and 4:10CV3045 involve common questions of law and fact, the Court will consolidate them in the interest of expedition and economy.
>
> No later than April 21, 2010, plaintiff shall file an amended complaint in Case No. 4:09CV3259. The amended complaint shall contain all of plaintiff's claims, including those presented in Case No. 4:10CV3045.  Any claims not contained in the amended complaint will be deemed abandoned.  In the event that plaintiff files an amended complaint in accordance with this memorandum and order, Case No. 4:10CV3045 will be dismissed.

(Case No. 4:09CV3259, Filing No. 14 at CM/ECF p. 3.)  Plaintiff failed to comply.  (*See* Docket Sheet in Case No. 4:09CV3259.)

On April 28, 2010, the Court entered a memorandum and order that directed plaintiff to show cause why these matters should not be dismissed for failure to prosecute diligently and comply with this Court's orders.  (Case No. 4:09CV3259, Filing No. 15; Case No. 4:10CV3045, Filing No. 11.)  In response, plaintiff filed an amended complaint in Case No. 4:09CV3259 and an amended complaint in Case No. 4:10CV3045.  (Case No. 4:09CV3259, Filing No. 16; Case No. 4:10CV3045, Filing No. 12.)  These amended complaints merely listed items from plaintiff's residence that are currently "unaccounted for."  (*Id*.)  Stated another way, plaintiff did not file an amended complaint in Case No. 4:09CV3259 that contained all of his claims in accordance

-2-

with the Court's April 2, 2010, memorandum and order, nor did he show cause for his failure to do so.

On June 1, 2010, the Court gave plaintiff one last opportunity to file an amended complaint in Case No. 4:09CV3259 that contained all of his claims, including those presented in Case No. 4:10CV3045.  (Case No. 4:09CV3259, Filing No. 18 at CM/ECF p. 3; Case No. 4:10CV3045, Filing No. 14.)  The Court specifically directed plaintiff to file one amended complaint in Case No. 4:09CV3259 that contained all of his claims against both officers.  (*Id*.)  In doing so, the Court warned plaintiff that any claims not contained in the amended complaint would be deemed abandoned.  (*Id*.)

On June 23, 2010, plaintiff filed a third amended complaint in Case No. 4:09CV3259.  (Case No. 4:09CV3259, Filing No. 20.)  This third amended complaint is essentially the same as plaintiff's second amended complaint and merely lists items from plaintiff's residence that are currently unaccounted for. (*Compare* Case No. 4:09CV3259, Filing No. 16 *with* Case No. 4:09CV3259, Filing No. 20.)

## *II.    ANALYSIS*

As discussed above, plaintiff has repeatedly failed to comply with this Court's orders.  Although plaintiff is proceeding *pro se*, he is not excused from complying with Court orders.  See *Farnsworth v. Kansas City, Mo.*, 863 F.2d 33, 34 (8th

Cir. 1988) (per curiam) (pro se litigants are not excused from complying with court orders); *see also* Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008) (stating that a district court may, in its discretion, dismiss an action pursuant to Fed.R.Civ.P. 41(b) if the plaintiff fails to prosecute or comply with a court order).  However, even if the Court were to ignore plaintiff's repeated failures, his cases should be dismissed for failure to state a claim upon which relief may be granted.

After a careful review, plaintiff's numerous pleadings fail to specify whether he sues Lincoln Police officers Aksamit and James in their official or individual capacities.  (Case No. 09CV3259, Filing Nos. 1, 12, 16 and 20; Case No. 4:10CV3045, Filing Nos. 1 and 12.)  Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the Court "assume[s] that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants.  Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g.,* Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); Johnson, 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson, 172 F.3d at 535.

  Because plaintiff does not specify the capacity in which he sues Aksamit or James, the Court assumes that plaintiff sues Aksamit and James in their official capacities only. Claims against Aksamit and James in their official capacities only are actually claims against their employer, the City of Lincoln, Nebraska.

  As a municipality, the City of Lincoln may only be liable under section 1983 if its "policy" or "custom" caused a violation of plaintiff's constitutional rights. Doe By & Through Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental

-5-

policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that the City of Lincoln practices any unconstitutional misconduct, that the City of Lincoln's policymaking officials authorized any unconstitutional misconduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against the City of Lincoln, Nebraska. In light of this, and plaintiff's repeated failure to comply with this Court's orders, Case No.

4:09CV3259 and Case No. 4:10CV3045 will be dismissed.  However, because plaintiff may have state law claims for negligence and false imprisonment, the Court will dismiss these matters without prejudice.  Separate orders will be entered in accordance with this memorandum opinion.

DATED this 2nd day of July, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

-7-