IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3259 |
| | ) | |
| v. | ) | |
| | ) | |
| AKSAMIT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on plaintiff's motion for reconsideration (Filing No. 28), motion for leave to proceed in forma pauperis ("IFP") (Filing No. 30) and motion to appoint counsel (Filing No. 30). The Court will address these motions in turn.

### I. *Motion for Reconsideration*

The Court liberally construes plaintiff's motion for reconsideration as a motion brought pursuant to Fed. R. Civ. Pro. 60(b)(6). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving

party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

In his motion, plaintiff argues that the Court should reconsider its judgment because the Court made a mistake when it mailed its June 1, 2010, memorandum and order to his old address. (Filing No. 28; *see also* Filing Nos. 18 and 19.) This order directed plaintiff to file an amended complaint in this matter by June 26, 2010 (Filing No. 18). Plaintiff filed an amended complaint on June 23, 2010 (Filing No. 20).

The Court has carefully reviewed plaintiff's motion and the record in this matter. The Court did not dismiss this matter because plaintiff repeatedly failed to comply with court orders (Filing No. 21). Rather, the Court dismissed this matter because plaintiff's numerous pleadings failed to allege sufficient facts to state a claim upon which relief could be granted. (*Id*.) In light of this, plaintiff's argument that the Court mailed a memorandum and order to the wrong address does not amount to "exceptional circumstances" sufficient to prevent plaintiff from fully litigating his claims or receiving adequate redress. Plaintiff's motion for reconsideration, construed as a motion brought pursuant to Fed. R. Civ. Pro. 60(b)(6), will be denied.

### II. *Motion for Leave to Proceed IFP*

In addition to his motion for reconsideration, plaintiff filed a motion for leave to proceed IFP, which the

Court liberally construes as a motion for leave to appeal IFP (Filing No. 30). On July 2, 2010, the Court dismissed plaintiff's claims without prejudice and entered judgment against him (Filing Nos. 21 and 22). On September 23, 2010, plaintiff filed an untimely notice of appeal of the Court's judgment (Filing No. 29).

Federal Rule of Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil case be filed within thirty days after judgment is entered. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson County, Iowa*, 79 F.3d 701, 702 (8th Cir 1996). Moreover, an untimely notice of appeal cannot serve as a motion for extension of time to file appeal. *Id*. Because plaintiff's notice of appeal was untimely, plaintiff's motion for leave to appeal IFP will be be denied.

IT IS ORDERED:

1.   Plaintiff's motion for reconsideration (Filing No. 28), construed as a motion brought pursuant to Fed. R. Civ. Pro. 60(b)(6), is denied.

2.   Plaintiff's motion for leave to proceed IFP (Filing No. 30), construed as a motion for leave to appeal IFP, is denied.

3.   All other pending motions are denied as moot.

4.     The clerk of the court shall provide the Court of Appeals with a copy of this memorandum and order.

DATED this 29th day of September, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.